United States District Court
Southern District of Texas
**ENTERED**
September 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN PAUL ERIC DYER, | § | |
| (SPN # 02601428), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-2686 |
| | § | |
| HAZEL B. JONES, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

While he was a pretrial detainee in the Harris County Jail, plaintiff Jonathan Paul Eric Dyer, (SPN # 02601428), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that Harris County District Judge Hazel B. Jones, the District Attorneys prosecuting his case, and court-appointed defense counsel Jimmy Joe Ortiz were violating his civil rights in his ongoing state-court criminal proceedings. (Dkt. 1). The Court ordered service of process on Harris County District Attorney Sean Teare, Chief Assistant District Attorney Jessica Caird, and Ortiz, and it ordered an expedited response concerning Dyer's claim of a speedy trial violation. (Dkt. 7). Teare, Caird, and Ortiz responded with motions to dismiss. (Dkts. 15, 17, 20). Dyer filed a response to Ortiz's motion. (Dkt. 21). Having reviewed the pleadings, the motions, the record, and the law, the Court grants the motions to dismiss and dismisses this action for the reasons

explained below.

## I.     BACKGROUND

When this action was filed, Dyer was in the Harris County Jail awaiting trial on a felony charge of continuous sexual abuse of a child.[1] *See* Search Our Records, https://www.hcdistrictclerk.com (visited June 17, 2025).  On June 9, 2025, he filed a Prisoner's Civil Rights Complaint under § 1983, identifying the defendants as Judge Jones, Caird, and Ortiz. (Dkt. 1, pp. 2-3).

In his complaint, Dyer alleges he has been in jail awaiting trial for over five years.  (*Id.* at 9).  He alleges that Judge Jones failed to provide him with a hearing on the effectiveness of his appointed counsel, failed to provide him with a hearing on his motion for a reduction in bond, denied him the right to a hearing on his motion to represent himself, and denied his right to a speedy trial.  (*Id.* at 9-14).  He alleges that "the two DAs over my case" engaged in prosecutorial misconduct by failing to disclose exculpatory evidence, withholding favorable witnesses, purposefully delaying the proceedings to gain a tactical advantage in the case, discriminating against him, acting outside their official capacity, and manipulating the law to their advantage.  (*Id.* at 13, 16).  Dyer alleged that Ortiz was guilty of

---

[1]As will be explained more fully below, Dyer has now been convicted as charged. As of the date of this Order, he is in the Harris County Jail awaiting a transfer to the Texas Department of Criminal Justice–Correctional Institutions Division.

professional misconduct and provided ineffective assistance of counsel by failing to file a motion for a bond hearing, failing to enforce Dyer's right to a speedy trial, failing to visit Dyer in jail to discuss his case, failing to conduct a thorough investigation into the charges, failing to locate witnesses identified by Dyer, and failing to ensure that his due process rights were respected. (*Id.* at 15-16). As relief for these alleged violations, Dyer asked the Court to enjoin the defendants from practicing law, send them "back to school," and remove his case from state to federal court. (*Id.* at 4).

The state-court docket shows that a felony complaint was filed against Dyer on August 14, 2020. *See* Search Our Records, https://www.hcdistrictclerk.com (visited Sept. 19, 2025). The grand jury returned an indictment on October 30, 2020. *Id.* Trial was originally set for May 2021. *Id.* Trial was reset at defense counsel's request to November 1, 2021. *Id.* In November 2021, trial was reset again at defense counsel's request to February 10, 2022. *Id.* On the first day of the scheduled trial, trial was again reset at defense counsel's request to October 24, 2022. *Id.*

On July 29, 2022, Dyer filed a *pro se* motion for speedy trial. *Id.* This motion was not adopted by counsel, nor was it ever heard by the court.

On October 25, 2022, the trial was reset "by agreement of both parties" to April 24, 2023. *Id.* On March 30, 2023, the trial was again reset "by agreement of

both parties." *Id.* On May 1, 2023, the trial was reset "by the court." *Id.* On August 2, 2023, the trial was reset to September 2023. *Id.* On September 28, 2023, the trial was again reset at defense counsel's request to August 12, 2024. *Id.*

On August 12, 2024, the trial was reset at the State's request, and over defense counsel's objection, because the prosecutor was in another trial. *Id.* The next month, the court granted Dyer's motion to discharge Ortiz, and the court appointed replacement counsel. *Id.* At that time, the jury trial was again reset "by the court." *Id.* The court granted another motion for continuance on December 17, 2024. *Id.* The State sought and obtained another continuance of the trial over defense counsel's objection on June 13, 2025. *Id.*

When Dyer filed his federal complaint in June 2025, he had been in the Harris County Jail awaiting trial for almost five years. His trial had been reset no fewer than eleven times, seven of those after he filed his *pro se* motion for a speedy trial in July 2022. Because it appeared to this Court that Dyer's constitutional right to a speedy trial was in jeopardy, the Court ordered service of process on District Attorney Teare, Caird, and Ortiz, and the Court ordered an expedited response on the question of Dyer's constitutional right to a speedy trial right. (Dkt. 7). Teare and Caird filed two joint motions to dismiss. (Dkts. 15, 20). Ortiz filed a separate motion to dismiss. (Dkt. 17).

The Court held these motions in abeyance while monitoring the state-court

4/18

trial docket because Dyer was scheduled for trial in late August.  Dyer's trial ultimately went forward on August 26, 2025.  *See* Search Our Records, https://www.hcdistrictclerk.com (visited Sept. 19, 2025).  He was found guilty as charged and was sentenced by the jury to life in prison.  *Id.*  He was given credit for all time served in the Harris County Jail.  *Id.*  With Dyer's state-court trial finally completed, the Court turns to the motions filed by the defendants.

## II.   APPLICABLE LAW

### A.   Actions Under 42 U.S.C. § 1983

Dyer brings his claims against the defendants under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a valid claim under § 1983, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam).  The second element

5/18

means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

## B.   <u>Motion to Dismiss</u>

Teare, Caird, and Ortiz each move to dismiss Dyer's complaint under Federal Rules of Civil Procedure 12(b)(6).   A motion to dismiss under Rule 12(b)(6) is properly granted when the plaintiff's complaint fails to state a claim upon which relief can be granted.   When a court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The district court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020).   The complaint must also allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (cleaned up). But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

## C. *Pro Se* Pleadings

Because Dyer is proceeding *pro se*, the Court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even under this lenient standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted). While self-represented litigants are held to less

7/18

stringent standards than attorneys, they are not excused from the requirement of alleging sufficient facts to state a plausible claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam) (a self-represented litigant "still must argue something that is susceptible to liberal construction").

## III.   DISCUSSION

### A.   The Claims Against Judge Jones

Dyer alleges that Judge Jones violated his constitutional rights by denying him a hearing on the effectiveness of his counsel and on his motion for a reduction in bond, denying him the right to represent himself, and denying his right to a speedy trial. The Court did not order Judge Jones to answer the complaint, but the Court must consider, under 28 U.S.C. § 1915(e)(2), whether Dyer's claims against her may proceed. *See also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

Section 1915(e)(2) requires the district court to scrutinize the legal and factual basis of the complaint and, if appropriate, dismiss the action if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is "frivolous" for purposes of § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v.*

*Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in

law if it is based on an indisputably meritless legal theory, such as if the complaint

alleges the violation of a legal interest which clearly does not exist." *Siglar v.*

*Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S.

319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing

the plaintiff the opportunity to present additional facts when necessary, the facts

alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013)

(cleaned up). The question of whether a complaint fails to state a claim for purposes

of § 1915(e)(2)(B)(ii) is determined by the same standard that applies under Rule

12(b)(6) of the Federal Rules of Civil Procedure. *Id.*

After considering Dyer's claims against Judge Jones, the Court concludes

that they must be dismissed because Judge Jones is protected by judicial immunity.

While § 1983 provides a remedy for violations of federal law by state officials,

state-court judges are immune from claims, regardless of the type of relief sought,

that arise out of acts performed in the exercise of their judicial functions. *See*

*Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d

107, 110 (5th Cir. 1996). A plaintiff may overcome judicial immunity only when

either (1) the claims are based on actions that are not judicial in nature, or (2) the

claims are based on actions that, although judicial in nature, are taken in the

complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12. In determining

whether a judge's actions were "judicial in nature," the Court considers "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.* In addition, so long as the actions taken were judicial in nature, neither allegations of bad faith nor malice will be sufficient to overcome judicial immunity. *See Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

Dyer's allegations do not satisfy either of the ways to overcome judicial immunity. He does not show that Judge Jones was acting in the absence of all jurisdiction because, as the district judge for the 174th District Court, she has jurisdiction over the cases pending in that court. *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *see also Dubai*

10/18

*Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("A Texas district court . . . is a court of general jurisdiction" and "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere.").

In addition, Dyer does not allege facts showing that Judge Jones's acts were not judicial in nature. Decisions about when to schedule a case for trial or whether or when to hold hearings are normal judicial functions. *See, e.g., Butler v. Tidwell*, No. 4:20-cv-00600-RAS-CAN, 2021 WL 4025379, at *10 (E.D. Tex. June 29, 2021) (noting that setting trial dates is a normal judicial function), *report and recommendations adopted*, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *see also Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989) (scheduling hearings is a normal judicial function). Decisions concerning setting bond are normal judicial functions. *See, e.g., Herring v. Mayfield*, 51 F.3d 1043, 1995 WL 153026, at *1 (5th Cir. 1995) (per curiam) ("[S]etting the amount of the bond . . . is within the scope of [the judge's] jurisdiction, thus affording her absolute judicial immunity."); *Regalado v. City of Edinburg*, No. 7:22-cv-228, 2023 WL 2394299, at *12 (S.D. Tex. Feb. 1, 2023) (holding that "the setting of bond is clearly within the judicial role of Judge Bustos" and therefore he was entitled to judicial immunity), *report and recommendations adopted*, 2023 WL 2391014 (S.D. Tex. Mar. 7, 2023); *Thomas v. State*, 294 F. Supp. 3d 576, 601 (N.D. Tex. 2018) (decision on whether

11/18

to set bond was a normal judicial function for which judge was absolutely immune), *report and recommendations adopted*, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018). And decisions concerning the appointment of counsel and substitution of counsel are normal judicial functions. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 226 (5th Cir. 2009) ("[T]he act of appointing counsel in a particular case . . . is clearly a judicial act . . . [which] must be considered to be protected by judicial immunity."); *Spence v. Hood*, 170 F. App'x 928, 930 (5th Cir. 2006) (per curiam) (same). Orders relating to scheduling hearings and trial, orders relating to the entitlement to and amount of a bond, and orders relating to the appointment of counsel are normally entered either in the courtroom or the judge's chambers, and Dyer alleges that Judge Jones was on the bench in the courtroom when she entered the orders about which he complains. Dyer's claims arise directly out of the administration of his state-court criminal case, and the challenged actions arise from hearings before Judge Jones in her official capacity as the judge presiding over that criminal case.

These facts demonstrate that the actions and orders Dyer challenges are typical judicial actions for which Judge Jones is protected by judicial immunity. Dyer's unsupported allegations of malice and bad faith are not sufficient to overcome this immunity. Dyer's claims against Judge Jones are therefore dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) as seeking monetary relief from

12/18

one who is immune.

### B.    The Claims Against Teare and Caird

Dyer identifies Caird as the assistant district attorney who has been involved in prosecuting his criminal case.  He alleges that she has engaged in prosecutorial misconduct by failing to disclose exculpatory evidence, withholding favorable witnesses, purposefully delaying the proceedings to gain a tactical advantage in the case, discriminating against him, and manipulating the law to her advantage.  Dyer also refers to "the DAs prosecuting his case" as engaging in these actions.

Based on these allegations, the Court ordered service of process on Caird, as well as on Teare, who is the current District Attorney for Harris County.  Caird and Teare filed joint motions to dismiss the claims against them.[2]  They contend that Dyer fails to state a claim against them because his speedy trial claim must be raised in a petition for a writ of habeas corpus rather than a civil-rights action, that he has failed to exhaust his state-court remedies, and that any claims against them are barred by the United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  (Dkt. 15).  They also contend that all of Dyer's claims should be dismissed because they are immune in a § 1983 action for claims based on their

---

[2]In their motions, Teare and Caird allege that they were not personally involved in prosecuting Dyer, and Teare points out that he did not become the District Attorney until January 1, 2025.  However, for purposes of ruling on a motion to dismiss, the Court must accept Dyer's allegations concerning their involvement as true.

actions taken in prosecuting Dyer's case. (Dkt. 20).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 515 (1972). That right is also protected by the Texas Constitution. *See* TX. CONST. Art. 1, § 10. As the Supreme Court has pointed out, the State has the duty to bring the defendant to trial, and because society in general "as a particular interest in bringing swift prosecutions, . . . society's representatives are the ones who should protect that interest." *Barker*, 407 U.S. at 527.

This Court is disturbed by the response from Teare and Caird that minimizes the importance of Dyer's right to a speedy trial and the significance of the delays experienced in bringing him to trial. (Dkt. 15). Neither the victim, nor Dyer, nor the Harris County taxpayers who have housed Dyer for over five years have had their interests protected by these delays. The length of the delays in this case, and the reasons given for at least some of them, raise concerns about the District Attorney's Office's respect for the state and federal constitutional rights of criminal defendants and the interests those rights serve. Despite these concerns, the Court must dismiss all of Dyer's claims against Teare and Caird because they are immune from claims under § 1983 for their actions taken in prosecuting cases.

District attorneys, who prosecute cases on behalf of the State, are entitled to absolute immunity from civil-rights actions for the actions they take to prosecute a

14/18

defendant in a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes immunity "for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1981)).

Dyer's claims arise from the District Attorney's Office's alleged actions in bringing and pursuing the pending criminal charges against him. Because these actions are part of the judicial phase of the criminal proceedings against Dyer, Caird and any other assistant district attorneys are immune from the relief Dyer is seeking. The District Attorneys' motions to dismiss are granted, and Dyer's claims against the prosecutors are dismissed with prejudice.

As to Teare, in addition to being immune from liability, he cannot be held liable under § 1983 based solely on his role as a supervisor. To hold a supervisory official liable under § 1983, the plaintiff must allege facts showing either (1) the supervisor's personal involvement in a constitutional deprivation, and (2) a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or (3) that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *See Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th

Cir. 2008). Only the direct actions or omissions of the supervisor, not the actions of his or her subordinates, will make that official individually liable under § 1983. *See Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999).

Dyer does not allege that Teare was personally involved in the denial of his constitutional rights. Further, Dyer does not allege that the actions in his case arose from unconstitutional policies implemented by Teare. Dyer's allegations fail to state a claim against Teare upon which relief could be granted. Teare's motions to dismiss are granted, and Dyer's claims against him are dismissed for failing to state a claim upon which relief can be granted.

### C.    The Claims Against Attorney Ortiz

Dyer alleges that Ortiz, who was court-appointed to represent him in these criminal proceedings, provided ineffective assistance of counsel by failing to file a motion for a bond hearing, failing to enforce Dyer's right to a speedy trial, failing to visit him in jail to discuss his case, and failing to ensure that his due process rights were respected. Ortiz moves to dismiss these claims as failing to state a claim upon which relief can be granted in a federal civil-rights action.

As with the District Attorneys, the Court is disturbed by Ortiz's apparent lack of concern for Dyer's right to a speedy trial. (Dkt. 17). The record shows that Ortiz sought and obtained multiple resettings of the trial date, even after Dyer had filed his *pro se* motion for speedy trial. While Ortiz was not required to adopt Dyer's

16/18

motion, neither was he entitled to wholly ignore his client's desire for a speedier trial. Nevertheless, Dyer's claims against Ortiz in this civil-rights action must be dismissed for failing to state a claim.

To be liable under § 1983, the defendant must be acting under color of state law in taking the challenged actions.[3] But neither public defenders nor appointed or retained private defense attorneys act under color of state law when they are performing a lawyer's traditional functions in representing a criminal defendant because, in that capacity, the attorney is acting on behalf of the defendant rather than on behalf of the state. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Pub. Def.'s Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

---

[3]Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Dyer's complaint does not allege facts showing that any of these exceptions apply to his case.

17/18

In his capacity as court-appointed defense counsel for Dyer, Ortiz was not acting "under color of state law" while taking actions to represent him. Dyer's disagreements with Ortiz's actions and trial strategy may support a state-court malpractice action, but they do not support a claim for a violation of constitutional rights under § 1983. Ortiz's motion to dismiss is granted, and Dyer's claims against him are dismissed for failing to state a claim upon which relief can be granted.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. District Attorney Sean Teare and Assistant District Attorney Jessica Caird's motions to dismiss, (Dkt. 15, 20), are **GRANTED**.

2. Attorney Jimmy Joe Ortiz's motion to dismiss, (Dkt. 17), is **GRANTED**.

3. Dyer's civil-rights action, (Dkt. 1), is **DISMISSED with prejudice**.

4. All pending motions are **DENIED** as moot.

5. Final judgment will be separate entered.

The Clerk will send a copy of this Memorandum Opinion and Order to the parties.

SIGNED at Houston, Texas on _____Sept 22_____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE